1  RONALD L. RICHMAN (SBN 139189)
   SARAH BOWEN (SBN 308633)
2  BULLIVANT HOUSER BAILEY PC
   101 Montgomery Street, Suite 2600
3  San Francisco, CA  94104-4146
   Telephone:  415.352.2700
4  Facsimile:  415.352.2701
   Email: ron.richman@bullivant.com
5          sarah.bowen@bullivant.com

6  Attorneys for Plaintiffs

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  BOARD OF TRUSTEES OF THE<br>LABORERS HEALTH AND WELFARE<br>12  TRUST FUND FOR NORTHERN<br>CALIFORNIA; BOARD OF TRUSTEES OF<br>13  THE LABORERS VACATION-HOLIDAY<br>TRUST FUND FOR NORTHERN<br>14  CALIFORNIA; BOARD OF TRUSTEES OF<br>THE LABORERS PENSION TRUST FUND<br>15  FOR NORTHERN CALIFORNIA; and<br>BOARD OF TRUSTEES OF THE<br>16  LABORERS TRAINING AND RETRAINING<br>TRUST FUND FOR NORTHERN<br>17  CALIFORNIA, | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR<br>BREACH OF COLLECTIVE<br>BARGAINING AGREEMENT; TO<br>RECOVER UNPAID TRUST FUND<br>CONTRIBUTIONS** |
| 18                      Plaintiffs, | |
| 19          vs. | |
| 20  JS TAYLOR CONSTRUCTION, INC., a<br>California corporation, | |
| 21                      Defendant. | |
| 22 | |

23      Now comes the plaintiffs, hereinabove named, and for their causes of action against

24  defendant, allege as follows:

25                      **I. JURISDICTION AND VENUE**

26      1.    This is an action for damages for breach of the collective bargaining agreement

27  described below; and for recovery of unpaid trust fund contributions.  This Court has

28  jurisdiction of the action under and pursuant to the provisions of 29 U.S.C. § 185 (§ 301 of the

1    Labor Management Relations Act of 1947, as amended) and 29 U.S.C. §§1132(a)(3) and

2    1132(e)(1) (§§502(a)(3) and 502(e)(1) of the Employee Retirement Income Security Act of

3    1974, as amended ("ERISA"). The suit arises from the defendant JS Taylor Construction, Inc.'s

4    failure to make trust fund contributions as required by the collective bargaining agreement, by

5    the written trust agreements and by provisions of federal law.

6                              **II. <u>INTRADISTRICT ASSIGNMENT</u>**

7            2.      Venue of the within action is properly laid in the U.S. District Court for the

8    Northern District of California in that, under ERISA §502(e)(2), 29 U.S.C. §1132(e)(2),

9    contributions are made to, and benefits paid from, a corporate co-trustee bank in the Northern

10   District of California.

11                                  **III. <u>PARTIES</u>**

12           3.      The Laborers Health and Welfare Trust Fund for Northern California, Laborers

13   Vacation-Holiday Trust Fund for Northern California, Laborers Pension Trust Fund for

14   Northern California, and Laborers Training and Retraining Trust Fund for Northern California

15   (collectively, the "Trust Funds") are the plaintiffs herein. The Trust Funds are organized under

16   and pursuant to the provisions of §§302(c)(5) and 302(c)(6) of the Labor Management Relations

17   Act of 1947, as amended, 29 U.S.C. §§186(c)(5) and 186(c)(6). The Trust Funds were

18   established through collective bargaining agreements between the Northern California District

19   Council of Laborers and employer associations representing construction industry employers

20   doing business in Northern California. The Trust Funds are employee benefit plans created by

21   written trust agreements subject and pursuant to §§3(3) and 3(37) of ERISA, 29 U.S.C.

22   §§1002(3) and (37). The Boards of Trustees, as fiduciaries, are the plaintiffs, who sue on behalf

23   of the Trust Funds.

24           4.      Each of the Trust Funds is a third party beneficiary of the collective bargaining

25   agreement described below.

26   ///

27   ///

28   ///

4824-8141-4308.1 29512/00313                          – 2 –

COMPLAINT FOR DAMAGES FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT

5.     At all times mentioned herein, each of the Trust Funds was an express trust created by a written trust agreement subject to and pursuant to §302 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C.§186, and a multi-employer benefit plan within the meaning of sections 3 and 4 of ERISA, 29 U.S.C. §§1002, 1003.

6.     The Trust Funds provide a variety of benefits for laborers, retired laborers and other related covered employees on whose behalf contributions are made pursuant to collective bargaining agreements.  The duties of the Board of Trustees of the Trust Funds include ensuring that employers who are signatories to said collective bargaining agreements comply with the terms of those agreements with respect to payments and contributions to the Trust Funds.

7.     Plaintiffs are informed and believe, and upon that ground allege, that at all times material hereto, defendant JS Taylor Construction, Inc. ("JS Taylor") was and is a California corporation with its principal place of business located in Manteca, California.  Plaintiffs are further informed and believe, and upon that ground allege, that at all times material hereto, defendant JS Taylor was an employer within the meaning of §3(5) and §515 of ERISA, 29 U.S.C. §§1002(5), 1145 and an employer in an industry affecting commerce within the meaning of section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §185.

## IV. <u>FIRST CLAIM FOR RELIEF</u>

### <u>BREACH OF COLLECTIVE BARGAINING AGREEMENT</u>

8.     Plaintiffs reallege and incorporate by reference, as though fully set forth, the allegations contained in paragraphs 1 – 7 of this Complaint.

9.     On or about May, 2015 JS Taylor entered into a Memorandum Agreement with the Northern California District Council of Laborers and pursuant to the Memorandum Agreement, became bound to a written collective bargaining agreement with the Northern California District Council of Laborers ("Laborers Union") entitled the Laborers' Master Agreement For Northern California ("Master Agreement").  In agreeing to be bound to the Master Agreement, defendant agreed to be subject to and bound by all provisions and conditions of the written trust agreements which established the trust funds.  Pursuant to the provisions of

COMPLAINT FOR DAMAGES FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT

1 | the Master Agreement, defendant agreed to be bound by all terms relating to wages, hours and

2 | conditions of employment prescribed therein with the Laborers Union.

3 |       10.    By virtue of the Master Agreement and written trust agreements, defendant

4 | promised and agreed that: (1) it would pay employee fringe benefit contributions into each

5 | Trust Fund in regular monthly installments commencing on or before the 15th day of the month

6 | immediately succeeding the month in which the employee's work was performed; (2) that in the

7 | event that any of said monthly installments were not paid in full on or before the 25th day of the

8 | month in which such contributions became due, it would pay interest on the delinquent

9 | contribution in the amount of 1.5% per month until paid in full, and would also pay the amount

10 | of $150 for each delinquent contribution as liquidated damages, and not as a penalty; and

11 | (3) that if any suit with respect to any of said contributions or payments were filed against them,

12 | it would pay into said Trust Funds the attorneys' fees, costs and all other expenses incurred in

13 | connection with such suit.

14 |       11.    The Master Agreement between the Laborers Union and JS Taylor has never

15 | been terminated.

16 |       12.    Plaintiffs have performed all conditions, covenants and promises on their part to

17 | be performed in accordance with the terms and conditions of the Master Agreement and Trust

18 | Agreements.

19 |       13.    Within four years last past, defendant materially breached and broke the

20 | aforesaid Master Agreement and trust agreements in the following respects:

21 |         a.    By reporting, but failing to pay (reported, not paid) all employee fringe

22 | benefit contributions on behalf of its covered employees for the period

23 | September – December 2018 and May- June 2019 in the principal amount

24 | of $26,781.24, according to proof at trial;

25 |         b.    By failing to pay interest and liquidated damages on the unpaid and

26 | delinquent employee fringe benefit contributions (reported, not paid), for

27 | the period September – December 2018 and May- June 2019 in an

28 | amount to be proven at trial;

c.   By failing to report and failing to pay (not reported, not paid), pursuant to audit, all employee fringe benefit contributions on behalf of its covered employees for the period March – June, September and December 2018 in the principal amount of $326,634.65, according to proof at trial;

d.   By failing to pay interest and liquidated damages on the unpaid and delinquent employee fringe benefit contributions (not reported, not paid), pursuant to audit, for the period March – June, September and December 2018 in an amount to be proven at trial; and

e.   By failing to pay interest and liquidated damages on employee fringe benefit contributions that were paid late (paid, paid late), for the period May –August 2018 in the amount of $11,899.75, as calculated through August 20, 2019.

14.   The aforesaid material breaches proximately caused damages to plaintiffs in the following approximate amounts, all according to proof at trial:  (a) for unpaid contributions (reported, not paid) in the principal amount of $26,781.24 plus interest and liquidated damages in an amount to be proven at trial; (b) for unpaid contributions (not reported, not paid), pursuant to audit in the principal amount of $326,634.65 plus interest and liquidated damages in an amount to be proven at trial; and (c) for interest and liquidated damages on contributions paid late (paid, paid late), in the amount of $11,899.75, as calculated through August 20, 2019. Interest will continue to accrue at the rate of 1.5% each month during the pendency of this lawsuit.

15.   Plaintiffs have incurred and will continue to incur attorneys' fees and costs in the within action.  Pursuant to the provisions of the Master Agreement and the trust agreements, plaintiffs request that the Court award plaintiffs their attorneys' fees and costs incurred in the bringing of the within action.

WHEREFORE, plaintiffs pray for judgment as set forth below.

///

///

4824-8141-4308.1 29512/00313

– 5 –

1  ///

## V. <u>SECOND CLAIM FOR RELIEF</u>

## RECOVERY OF UNPAID TRUST FUND CONTRIBUTIONS

## (ERISA §§502(g)(2), 515)

16.     Plaintiffs reallege and incorporate by reference, as though fully set forth, the allegations contained in paragraphs 1 – 15 of this Complaint.

17.     ERISA section 515, 29 U.S.C. §1145, requires defendant to make such contributions to the plaintiffs Trust Funds as are required under the terms of their collective bargaining agreement with the Union.  Pursuant to the provisions of their trust agreements, plaintiffs are entitled to enforce defendant's obligations to make those contributions.

18.     Plaintiffs are informed and believe, and on that ground allege, that defendant reported, but failed to pay (reported, not paid) all employee fringe benefit contributions into each Trust Fund for the period September – December 2018; and May and June 2019 in the principal amount of $26,781.24, according to proof at trial.  Defendant is further obligated by the provisions of the Master Agreement and the Trust Agreements to pay interest on unpaid contributions at the rate of 1.5% per month until paid and liquidated damages in the amount of $150 for each month that defendant failed to timely report and pay all employee fringe benefit contributions into each Trust Fund.

19.     Pursuant to the provisions of ERISA, §502(g)(2), 29 U.S.C. §1132(g)(2), plaintiffs are entitled to the following statutory relief:

(a)     Section 502(g)(2)(A):  for unpaid contributions (reported, not paid) in the principal amount of $26,781.24, according to proof at trial;

(b)     Section 502(g)(2)(B):  for contributions reported and not paid, an award of interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of the delinquency, until the date of judgment, calculated to be $6,280.52 through August 20, 2019; and

(c)     Section 502(g)(2)(C):  the additional award of an amount equal to the greater of (i) interest on the unpaid fringe benefit contributions at the rate

of 1.5% per month, from the date of the delinquency, until the date of
judgment or; (ii) liquidated damages under the Master Agreement and
trust agreements of $150 for each month that defendant reported, but
failed to pay all employee fringe benefit contributions into each Trust
Fund, calculated to be $6,280.52 through August 20, 2019.

20.     Plaintiffs are informed and believe, and on that ground allege, that defendant failed to report, and failed to pay (not reported, not paid), pursuant to audit, all employee fringe benefit contributions into each Trust Fund for the period March – June, September and December, 2018 in the principal amount of $326,634.65, according to proof at trial.  Defendant is further obligated by the provisions of the Master Agreement and the Trust Agreements to pay interest on unpaid contributions at the rate of 1.5% per month until paid and liquidated damages in the amount of $150 for each month that defendant failed to timely report and pay all employee fringe benefit contributions into each Trust Fund.

21     Pursuant to the provisions of ERISA, section 502(g)(2), 29 U.S.C. § 1132(g)(2), plaintiffs are entitled to the following statutory relief:

(a)     Under section 502(g)(2)(A):  for unpaid contributions (not reported, not paid) pursuant to an audit, in the principal amount of $326,634.65, according to proof at trial;

(b)     Section 502(g)(2)(B):  for contributions not reported and not paid (audit), an award of interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of the delinquency, until the date of judgment, calculated to be $34,890.03 through July 25, 2019, according to proof at trial; and

(c)     Section 502(g)(2)(C):  the additional award of an amount equal to the greater of (i) interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of the delinquency, until the date of judgment; or (ii) liquidated damages under the Master Agreement and trust agreements of $150 for each month that defendant failed to timely

1  report and pay all employee fringe benefit contributions into each Trust

2  Fund, calculated to be $34,890.03 through July 25, 2019, according to

3  proof at trial.

4      22.    Plaintiffs have incurred and will continue to incur attorneys' fees in the within

5  action.  Pursuant to the provisions of section 502(g)(2)(D) of ERISA, 29 U.S.C.

6  § 1132(g)(2)(D), plaintiffs request that the Court award plaintiffs their attorneys' fees and costs

7  incurred in the bringing of the within action.

8      WHEREFORE, plaintiffs pray for judgment as follows.

9  **VI.  RELIEF REQUESTED**

10      1.    On the First Claim for Relief, for damages for breach of the collective bargaining

11  agreement for judgment against defendant as follows:

12      (a)    For unpaid contributions (reported, not paid) in the principal amount of

13  $26,781.24 plus interest and liquidated damages in an amount to be

14  proven at trial;

15      (b)    For unpaid contributions (not reported, not paid) pursuant to audit, in the

16  principal amount of $326,634.65 plus interest and liquidated damages in

17  an amount to be proven at trial;

18      (c)    For interest and liquidated damages on contributions paid late (paid, paid

19  late), in the amount of $11,899.75, as calculated through

20  August 20, 2019; and

21      (d)    for costs of suit, attorneys' fees and for such other further relief as the

22  Court may deem just and proper.

23      2.    On the Second Claim for Relief, for recovery under ERISA section 502(g)(2),

24  29 USC. § 1132(g)(2), for judgment against defendant as follows:

25      (a)    Under section 502(g)(2)(A):  for unpaid contributions (reported, not paid)

26  in the principal amount of $26,781.24, according to proof at trial;

27      (b)    Under section 502(g)(2)(B):  an award of interest on the unpaid fringe

28  benefit contributions at the rate of 1.5% per month, from the date of

1   delinquency, until the date of judgment, calculated to be $6,280.52

2   through August 20, 2019;

3   (c)   Under section 502(g)(2)(C):  the additional award of an amount equal to

4   the greater of (i) interest on the unpaid fringe benefit contributions at the

5   rate of 1.5% per month, from the date of delinquency, until the date of

6   judgment; or (ii) liquidated damages under the Master Agreement and

7   trust agreements of $150 for each month that defendant failed to timely

8   report and pay all employee fringe benefit contributions into each Trust

9   Funds, calculated to be $6,280.52 through August 20, 2019;

10   (d)   Under section 502(g)(2)(A):  for unpaid contributions (not reported, not

11   paid) pursuant to an audit, in the principal amount of $326,634.65,

12   according to proof at trial;

13   (e)   Under section 502(g)(2)(B):  an award of interest on the unpaid fringe

14   benefit contributions (not reported, not paid) pursuant to an audit at the

15   rate of 1.5% per month, from the date of delinquency, until the date of

16   judgment, calculated to be $34,890.03 through July 25, 2019;

17   (f)   Under section 502(g)(2)(C):  the additional award of an amount equal to

18   the greater of (i) interest on the unpaid fringe benefit contributions at the

19   rate of 1.5% per month, from the date of delinquency, until the date of

20   judgment; or (ii) liquidated damages under the Master Agreement and

21   trust agreements of $150 for each month that defendant failed to timely

22   report and pay all employee fringe benefit contributions into each Trust

23   Funds, calculated to be $34,890.03 through July 25, 2019; and

24   ///

25   ///

26   ///

27   ///

28   ///

COMPLAINT FOR DAMAGES FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT

1

        (g)      Under section 502(g)(2)(D):  an award of attorneys' fees and costs

2

incurred by plaintiffs in the bringing of the within action, and for such

3

other or further amounts as may be shown at trial, and for such other

4

further relief as the Court may deem just and proper.

5

DATED:  September 24, 2019

6

                                      BULLIVANT HOUSER BAILEY PC

7

8

                              By _____

9

                                Ronald L. Richman
                                Sarah Bowen

10

                                Attorneys for Plaintiffs

11

                                  *****

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT